FILED

FEB 1 1 2026

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:26-CR-77JMD/RHH |
| | ) | |
| TRAVIS RUSSELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Under 18 U.S.C. § 3141, *et. seq.*, the United States of America—by and through its United States Attorney Thomas C. Albus and Assistant United States Attorney Mohsen Pasha—moves to detain Defendant Travis Russell pending further judicial proceedings, and also requests that a detention hearing be held three days from the date of Defendant's initial appearance before the United States Magistrate Judge. As its grounds for detention, the government requests this Court consider the following factors under 18 U.S.C. § 3142.

### Grounds for Detention Hearing

1.      Under 18 U.S.C. § 3142(f)(1), a detention hearing can be held "in a case that involves" five categories of enumerated offenses listed in that subsection. One of those categories covers "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." Here, the grand jury issued an indictment charging Defendant with one count of violations of 21 U.S.C. § 841(a)(1). Under 21 U.S.C. § 841, that count carries a maximum term of imprisonment of ten years or more. Thus, this Court "shall hold a hearing" on detention. § 3142(f).

## Presumption of Detention

2.      Count I charges Defendant with an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, *et seq.*).  Thus, that count triggers a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3) that there are no conditions or combination of conditions that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community.

## The Nature and Circumstances of the Offense

3.      Under 18 U.S.C. § 3142(g)(1), this Court must consider the nature and characteristics of the offense charged, including whether the offense involves a controlled substance. Because the offense with which Defendant is charged involves a controlled substance, the first § 3142(g) factors weighs in favor of detention.

4.      Specifically, in November and December 2024, investigators conducted four controlled buys of methamphetamine from Defendant, leading to investigators obtaining a precision location warrant on Defendant's phone. On January 14, 2025, investigators saw that Defendant's phone had traveled to Kansas City from the area of his home in Salem, MO and was traveling back along the same path towards Salem. Investigators suspected that Defendant had traveled to Kansas City to purchase methamphetamine. Indeed, a confidential source had noted that Defendant's source of supply was in Kansas City.

5.      Local law enforcement soon located the vehicle that Defendant was traveling in as a passenger in the Rolla, MO area. The vehicle had an expired license plate, so an officer conducted a traffic stop. Before the vehicle stopped but after the officer had activated his emergency lights, the officer observed Defendant frantically reaching around inside the vehicle. When the vehicle stopped, the officer identified Defendant as the passenger and a woman as the driver. After the

driver and Defendant gave inconsistent answers to questions about their travel, the officer searched the vehicle.

6.    Inside, the officer found a brown bag containing what lab testing later confirmed to be 1,851.6 grams—over four pounds—of actual methamphetamine. Defendant admitted that he had purchased the methamphetamine from his source of supply in Kansas City and that he had been distributing methamphetamine. Given Defendant's admissions and the drug quantity, Defendant is a danger to the community.

### The Weight of the Evidence Against the Defendant

7.    Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant.  The evidence against the defendant is strong. Two controlled buys are recorded, the car search is recorded on body worn camera, and Defendant admitted to his conduct. Thus, the weight of the evidence against Defendant is strong and favors detention.

### The History and Characteristics of the Defendant

8.    Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

9.    Defendant has a significant criminal history. He has three prior drug convictions, from federal and state court:

 a. Federal Case No. 4:07-cr-00678-JCH (E.D. Mo. June 10, 2018): convicted of conspiracy to possess pseudoephedrine knowing that it would be used to manufacture a controlled substance. Defendant received a 28-month sentence.

b. State Case No. 16DE-CR00542-01 (Dent County, MO November 27, 2017): convicted of possession of a controlled substance. Defendant initially received a sentence of probation. Defendant's probation was later revoked, resulting in a seven-year sentence of imprisonment.

c. State Case No. 19DE-CR00184-0 (August 29, 2019): convicted of delivery of a controlled substance. Defendant received a sentence of 10 years' imprisonment.

10.    Defendant committed the third offense listed above while on probation for the second offense and conducted the pending federal offense while on parole for the third offense.

11.    Given Defendant's criminal history, the government expects that Defendant will be deemed a career offender under the guidelines. If the case proceeds to trial and if Defendant is found guilty, Defendant would face a guideline range of 360 months to life, with a ten-year mandatory minimum. Given the penalties he faces, Defendant has an incentive to not appear. Ultimately, Defendant's history and characteristics weigh heavily in favor of detention to ensure the safety of the community.

## The Nature and Seriousness of the Danger to the Community

12.    Under § 3142(g)(4), this Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Despite multiple past convictions for drug offenses, Defendant engaged in the conduct discussed above. Thus, the safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

## Conclusion

13.    The government submits that when considering the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention.   There is a

presumption of detention and there is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community.  Additionally, there is a preponderance of evidence that no condition or combination of conditions will reasonably assure Defendant's appearance in court.

Respectfully submitted,

THOMAS C. ALBUS
UNITED STATES ATTORNEY

/s/      *Mohsen Pasha*
Mohsen Pasha, #67373MO
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
mohsen.pasha@usdoj.gov
(314) 539-2200